Morcan, J.
We take the case as stated by the counsel of the laborers, appellees: “ The plantation of defendants was sold at sheriff’s sale on the fifth of July, 1873, together with all the buildings and improvements thereon, and also all the mules, work oxen, and utensils serving to work the same. The plaintiffs and'appellants.became the adjudicatees for the sum of $21.000 in cash, having provoked the sale by executory process on certain mortgage notes held by them. This is a contest for the proceeds withheld by the mortgage creditors, between them and' the opponents and appellees, laborers on the plantation in question during the year 1872.” There was judgment in their favor. Defendants appeal. In their brief, counsel for appellees ask us to dismiss the appeal because'it was not made returnable according io lawj and was filed too late.
The judgment was signed on the twenty-seventh May, 1874. On the same day appellants moved for a suspensive appeal returnable to the Supreme Court, on the third Monday of January, 1875, which is the return day fixed by law for appeals from that parish. The record was filed here on the fourteenth of November, 1874.
The suggestion to dismiss the appeal is made under the statute No. 25, acts of 1874, entitled “ An Act relative to the trial of certain suits *284 in which provisional seizures have been issued,” the second section of which provides that all appeals in the cases referred to in the act shall be returnable to the appellate court within three days after rendition and signing of judgments.
In the first place, no provisional seizure issued in the case under consideration. In the second place, motions to dismiss must be filed in writing before joinder in error or answer to the merits, or such preliminary objections will be considered as waived. 8 R. 168; 3 R. 169. We can not dismiss an appeal upon a mere suggestion in argument after the case has been taken up on its merits without any reservation of the right to move to dismiss.
On the merits we do not see how it is possible for us to recognize a privilege in favor of laborers on mules, agricultural implements, etc., sold in 1873 for work done by them on the plantation in 1872.
It is therefore ordered, adjudged and decreed that the judgment of the district court be avoided, annulled and reversed, and that the oppositions filed by the several opponents herein be dismissed at their costs.
Rehearing refused.